## PLATT & ALLEN AND OTHERS v. THE TOWNS OF MILTON AND COLCHESTER AND CITY OF BURLINGTON.

*Highway, Apportionment of Expense on Towns Benefited.*
R. L. ss. 2913, 2975–6.

To warrant under the statute,—R. L. s. 2975,—an apportionment among neighboring towns of the expenses in constructing a highway, it must appear that such towns would be benefited by the use of the highway for purposes of travel; and it is not sufficient to show that the highway would bring increased trade and business.

EXCEPTIONS on the part of the city of Burlington to the judgment upon the report of commissioners, establishing a certain highway through the towns of Milton and Colchester, and assessing a portion of the expenses of constructing such highway upon said city, said defendant having been cited in after the decision of the commissioners establishing said highway, and upon the question of apportionment of the cost of construction.

Heard by the court, April Term, 1885, ROWELL, J., presiding. The judgment was, that the highway is established; and that the cost of constructing it is apportioned among the several towns and the city of Burlington. The town of South Hero was ordered to pay 30 per cent. of the cost; Grand Isle, 20 per cent.; Milton, 2 per cent.; Colchester, 15 per cent.; Burlington, 33 per cent. Burlington objected to the acceptance of the commissioners' report: " For that it appears that said road is not needed by its inhabitants for their own use, and will not be used by them; wherefore it cannot be assessed at all, as it is not enough that its inhabitants derive benefit therefrom by way of increased trade and business coming from the island towns."

The commissioners found in part: "And we are of the opinion that the towns of Milton and Colchester would be excessively burdened by defraying all the expenses aforesaid; and that the city of Burlington, in the county of Chittenden, and the towns of South Hero and Grand Isle, in the county of Grand Isle, in the vicinity of said road. and bridge, would be especially benefited by said road and bridge, * * * * and ought to bear a portion of the expense." "Therefore, we have apportioned, which we deem reasonable, the expense of building said highway," etc. The County Court found: "The evidence before us shows that the inhabitants of Burlington do not need the road for their own use, and that they will not use it much; but we think it legally sufficient as a ground of assessing the city, that they will be benefited thereby, by the way of its bringing increased trade and business to them."

*W. L. Burnap* and *T. E. Wales,* for Burlington.

The County Court based its decision upon the benefit to be derived by the merchants of Burlington, through an increase of trade from the island towns.

This is not the benefit contemplated by the statute; that benefit is one arising from *use* only—travel by the inhabitants of the contributing town.

If the principle laid down by the court is the one underlying this statute, it would compel every central or railroad town to maintain the highways throughout the surrounding tributary territory.

*Whittemore & Wheeler* and *James A. Brown,* for South Hero and the petitioners.

The assessment was in strict compliance with the statute. R. L. s. 2975-7.

The right to assess does not depend alone upon the one element, *travel of the people of the town assessed.* The statute makes no reference to such travel, either in laying or assessing the expense of highways.

The right to assess, however, is made to depend upon the findings of the commissioners in an inquiry as to " all the circumstances relating to the road and bridge," their " public utility," etc. *Jamaica* v. *Wardsboro*, 47 Vt. 451.

*Roberts & Roberts*, for the petitioners.

We concede, that in order that Burlington should derive any especial benefit from this highway and bridge in Milton and Colchester, it should be used as a means of intercommunication between the inhabitants of Burlington and the inhabitants of those towns, or the towns beyond; but it is wholly unimportant whether the highway be considered as an outlet or inlet of Burlington,—whether an inhabitant of Burlington ever shall pass over it, so long as it remains an open route for receipt of trade and supplies from the people of the island, and for return of supplies to them. The benefit to Burlington is the same in either case, whether the inhabitants of the city and of the island meet for trade in Burlington or on the island, and, in a general sense, it might be said that Burlington *used* the highway as well in one case as the other.

The opinion of the court was delivered by

POWERS, J.   The general policy of the legislature respecting the burden of building highways is expressed in sec. 2913 R. L., which provides that " highways shall be laid out, made and repaired, and damages to land-owners paid, by the town in which such highways are situated, except as otherwise specially provided by law."

Although highways are built for the use of the public generally, yet it is ordinarily true that the inhabitants of the towns in which they are situated have a special and more enlarged use of them than other portions of the public, and for this reason such towns are compelled to build them. This is one of the numerous instances in which local taxation for a public use has been upheld as a valid exercise

of the taxing power. Such taxation, however, is only warrantable upon the theory that highways are built for public use,—for purposes of public travel. If built for private use or to promote private interests merely, public taxation cannot be imposed for their construction. These propositions are too elementary to require the citation of authorities.

Sec. 2975, and following sections of the Revised Laws, provide for the cases in which other towns are compellable to contribute towards the construction of highways. If the town in which the highway is situated would be excessively burdened by defraying the whole expense of its construction, other towns in the vicinity benefited by the construction of such highway may be assessed for a portion of such expense. The benefit contemplated by the statute as the basis upon which neighboring towns are assessed, is precisely the same benefit in kind as that shared by the town primarily liable for the expense of constructing the highway, namely; a benefit gained by the use of the road for purposes of travel. The assessed town can be taxed for this purpose on the same ground only as the town in which the road is situated; that is, that its inhabitants have a larger use of the road than the general public. Neither town can be taxed on the ground that its business interests will be subserved by the construction of the road.

The County Court found that the inhabitants of Burlington did not need the proposed road; that they will not use it much; but held as matter of law that it was enough to warrant an assessment upon the city that the road would bring increased trade and business to the inhabitants of the city. This doctrine calls for the imposition of taxes upon the city to foster the interests of its business men, which is clearly an unconstitutional exercise of the taxing power.

The judgment of the County Court is reversed and judgment rendered on the report that the city of Burlington be dismissed without costs, and the cause remanded to the County Court to be further proceeded with.